PEOPLE *ex rel.* SUPERVISORS OF RICHMOND COUNTY, appellants, v. HOPKINS, Comptroller.

*Statute construction — Laws of 1870, chap. 429; 1855, chap. 427 — unpaid taxes — collection of — impracticable statute not void.*

By chap. 454, Laws of 1860, and acts amendatory thereto, sales of lands for unpaid taxes in Westchester county are required to be made at the court-house in Westchester county, and personal notice of such sale given to mortgagees residing in Westchester and adjoining counties.   By chap. 429, Laws of 1870, the acts relating to Westchester county are made applicable to Rich-

mond county. *Held*, that the meaning of the last-named act is th'at the sales shall be made at the court-house in Richmond, not at that in Westchester county, and the notices given personally to residents of Richmond and adjoining counties.

*Held*, also, that even if the intention of the act was to have the sales take place in Westchester it would not render the act nugatory. The court cannot annul a statute merely because its execution is difficult, or a literal interpretation would produce impracticable results.

The legal effect of the act of 1870 (chap. 429) is to supersede as to Richmond county the act of 1855 (chap. 427).

APPEAL from an order of the special term denying an application for a mandamus.

The application was made for a mandamus to the comptroller of the State, requiring him to examine the returns of unpaid taxes in Richmond county, sent to him, and to credit the county treasurer of said county with arrears admitted by him. Such application was based upon the provisions of the Laws of 1855, chap. 427, title I, §§ 4, 5, 6, 9, which impose upon the comptroller the duty upon certain returns, certificates and affidavits, being transmitted by a county treasurer to him to credit such county treasurer " with the amount of all the arrears of taxes which shall be admitted by him " (§ 9).

The comptroller refused to make such credits, claiming that the act in question was repealed as to Richmond county by chap. 429 of the Laws of 1870. This last-named statute merely applies the provisions of certain acts in relation to the collection of unpaid taxes in Westchester county (Laws 1860, chap. 454 ; 1861, chap. 81 ; 1863, chap. 430 ; 1868, chap. 239), to Richmond county.

By the acts in relation to Westchester sales of lands for unpaid taxes, are required to be made by the county treasurer, " at the court-house, *in the town of White Plains*." It is also provided, that personal notice of the tax sales shall be given to any mortgagee of the property to be sold, " if a resident of *Westchester county* or a county adjoining thereto, or if he be not a resident, upon the owner if *a resident of Westchester* or an adjoining county, and by depositing a notice in one of the post-offices of *said county*."

The questions raised were, does the act of 1870 require that the sales of lands for unpaid taxes in Richmond county shall be made in Westchester instead of Richmond county, and do the' provisions as to notices apply to residents or non-residents of Westchester

county, and if so, is not the act inoperative and void by reason of the impracticability of its provisions?

*Tompkins Westervelt,* for appellants.

*Isaac V. French,* for respondent.

GILBERT, J. If the act of 1870 (chap. 429) is valid and operative, the legal effect of it was to supersede the act of 1855 (chap. 427). The appellants contend that the act of 1870 is inoperative and void, for the reason that it requires the sales for taxes to be made in the county of Westchester, and that the provisions relating to the service of notices are applicable only to residents of that county. If such were the only meaning of which the act was susceptible, it would not follow that the act should be annulled, for it would be the duty of the court to put a construction upon the act, and give it effect accordingly. The court cannot annul a statute, otherwise valid, because the execution of its provisions would be difficult, or because a literal interpretation thereof would produce impracticable results. On the contrary, it is the duty of the court to give to the statute such a meaning as will carry out and effectuate to the fullest extent the intention of the legislature. If the words of the statute are in themselves precise and unambiguous, then no more can be necessary than to expound the words in their natural and ordinary sense. But if any doubt arises from the terms employed by the legislature, it has always been held a safe means of collecting the intention, to call in aid the ground and cause of making the statute. 1 Kent's Com. 462.

The statute under consideration provides, that the act to authorize the sale of lands and for the collection of unpaid taxes in the county of Westchester, passed April 16, 1860, and the several acts amendatory thereof "be amended so that the provisions of said acts shall apply to the county of Richmond as well as to the county of Westchester."

The meaning of this statute is very obvious, and there is no practical difficulty in giving it full effect. The sales for taxes are to be made at the court-house in the county of Richmond. Personal notice of such sale must be given to a mortgagee if a resident of Richmond county, or a county adjoining that county, or if he be not a resident, then to the owner, if he be a resident of Rich-

mond county or of a county adjoining thereto, and to the mortgagee by depositing a notice to him in one of the post-offices of Richmond county. In this way the acts relating to Westchester county can be applied to the county of Richmond, and the act of 1870 amends them accordingly. The amendment is co-extensive with the object the legislature intended.

We are of opinion, therefore, that the action of the comptroller was proper, and that the order appealed from should be affirmed, with costs.

*Order affirmed.*